IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:15CR251-1 |
| | ) | |
| CORDERA RAYSHARD BROWN | ) | |

MEMORANDUM OPINION AND ORDER

BEATY, District Judge.

Defendant was sentenced in this case on August 9, 2016. At the sentencing, Defendant objected to the probation officer's recommendation in the presentence report that his previous convictions for North Carolina common law robbery be considered crimes of violence under U.S.S.G. § 4B1.2 (2013).[1] The Government argued that Defendant's previous convictions for North Carolina common law robbery were crimes of violence under U.S.S.G. § 4B1.2.

The Court sustained Defendant's objection. As a result, Defendant's base offense level was set to 14 under U.S.S.G. § 2K2.1(a)(2) because Defendant had no previous convictions for a crime of violence. Furthermore, Defendant's criminal history score was reduced from ten to

---

[1] U.S.S.G. § 4B1.2 and the accompanying commentary were amended, effective August 1, 2016. Federal statutory law provides that the Court must apply the Guidelines "that . . . are in effect on the date the defendant is sentenced." 18 U.S.C. § 3553(a)(4)(A)(ii). The Guidelines similarly provide that "The Court shall use the Guidelines Manual in effect on the date that the defendant is sentenced." U.S.S.G. § 1B1.11(a). However, the Guidelines also provide that "If the court determines that use of the Guidelines Manual in effect on the date that the defendant is sentenced would violate the *ex post facto* clause of the United States Constitution, the court shall use the Guidelines Manual in effect on the date that the offense of conviction was committed." U.S.S.G. § 1B1.11(b)(2). The Government and the Government agreed in this case that applying the Sentencing Guidelines in effect at the time of sentencing would have violated the *ex post facto* clause. Therefore, the Court applied the Sentencing Guidelines in effect on October 3, 2014—the date on which Defendant committed his offense.

nine because Defendant was improperly assessed an additional criminal history point pursuant to U.S.S.G. § 4A1.1(e), as the assessment of that point was based upon a conviction for North Carolina common law robbery being considered a crime of violence. This Opinion memorializes the Court's reasons for sustaining the Defendant's objection.

The 2013 United States Sentencing Guidelines provide:

(a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
    (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
    (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2. The application notes further provide, in relevant part, that "'Crime of violence' includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, <u>robbery</u>, arson, extortion, extortionate extension of credit, and burglary of a dwelling." U.S.S.G. § 4B1.2 application note 1 (emphasis added).

The Fourth Circuit explained in <u>United States v. Shell</u>, 789 F.3d 335 (4th Cir. 2015), that "§ 4B1.2 provides a separate two-part definition of crime of violence in its text, with the commentary serving only to amplify that definition, and any inconsistency between the two resolved in favor of the text." 789 F.3d at 345 (citing <u>Stinson v. United States</u>, 508 U.S. 36, 43, 113 S. Ct. 1913, 1918, 123 L. Ed. 2d 598 (1993)). "So in interpreting. . . § 4B1.2's commentary, we do not write on a blank slate; instead, we have a carefully reticulated definition of crime of violence to which we must adhere." <u>Id.</u> The Fourth Circuit added that the commentary to U.S.S.G. § 4B1.2 "'does not have freestanding definitional power,' but must instead be linked

to a prong of the textual definition of crime of violence." Id. (quoting United States v. Leshen, 453 F. App'x 408, 415 (4th Cir. 2011)).

In Johnson v. United States, 135 S. Ct. 2551, 2563, 192 L. Ed. 2d 569 (2015), which was decided after Shell, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process" because the residual clause is unconstitutionally vague. The residual clause in the Armed Career Criminal Act ("ACCA") is identical to the residual clause found in U.S.S.G. § 4B1.2(a)(2).

Every circuit court of appeals except the Eleventh Circuit has held or assumed that the residual clause of U.S.S.G. § 4B1.2 is unconstitutionally vague after Johnson. In re Clayton, No. 16-14556-J, 2016 WL 3878156, at *1 (11th Cir. July 18, 2016) (Martin, J., concurring). Furthermore, at least one later Eleventh Circuit panel openly stated that the Eleventh Circuit's decision in this regard was wrongly decided. See generally Clayton, 2016 WL 3878156. While it is notable that the Fourth Circuit has not expressly ruled on this issue yet, United States v. Coulter, No. 14-4271, 2016 WL 3595706, at *1 n.* (4th Cir. July 5, 2016), as a result of the near consensus among the circuit courts that have ruled on this issue, the Court holds that the residual clause of U.S.S.G. § 4B1.2 is unconstitutionally vague after Johnson.

In United States v. Gardner, 823 F.3d 793, 801-04 (4th Cir. 2016), the Fourth Circuit held that North Carolina common law robbery, the crime at issue here, is not a violent felony under the force clause of the ACCA. Despite this ruling, however, the Government contends that North Carolina common law robbery is a crime of violence under U.S.S.G. § 4B1.2 pursuant to

3

the corresponding application notes.

The First Circuit confronted a very similar issue in United States v. Soto-Rivera, 811 F.3d 53 (1st Cir. 2016). The issue there was whether Soto-Rivera being a felon in possession of a machinegun—an enumerated offense in the application notes to U.S.S.G. § 4B1.2—constituted a crime of violence. The Government "wholly reli[ed]" upon the Guidelines commentary in arguing that the possession of the machinegun was a crime of violence. Id. at 59. The Government did so because possession of a machinegun clearly did not satisfy the force clause or enumerated offenses clause and the Government conceded that Johnson invalidated the residual clause of U.S.S.G. § 4B1.2. See id. at 58, 60.

In holding that possession of a machinegun is not a crime of violence, the First Circuit explained that "the government fails to analyze whether Application Note 1 has become inconsistent with its corresponding Guideline if *Johnson* dictates that we excise the residual clause." Id. at 59. "[W]here commentary is inconsistent with [Guidelines] text, text controls." Id. at 60 (quoting Shell, 789 F.3d at 340). "Thus, in the absence of the residual clause, there is nothing within § 4B1.2(a)'s text to serve as an anchor for Application Note 1's inclusion of possession of a machinegun within the definition of crime of violence." Id.

> This leaves the government with its argument that we may utilize Application Note 1 as an independent basis for a finding of Career Offender status. Yet, doing so would be inconsistent with the post-*Johnson* text of the Guideline itself. By its clear language, once shorn of the residual clause § 4B1.2(a) sets forth a limited universe of specific offenses that qualify as a "crime of violence." There is simply no mechanism or textual hook in the Guideline that allows us to import offenses not specifically listed therein into § 4B1.2(a)'s definition of "crime of violence." With no such path available to us, doing so would be inconsistent with the text of the Guideline. Accordingly, we find ourselves in one of those situations in which Guidelines commentary should not be "taken as gospel,"

4

> United States v. Meléndez–Rivera, 782 F.3d 26, 30 (1st Cir. 2015), and we reject the government's attempt to make use of U.S.S.G. § 4B1.2(a)'s Application Note 1 to expand upon the list of offenses that qualify for Career Offender status.

Soto-Rivera, 811 F.3d at 60.

Similarly here, North Carolina common law robbery does not have as an element the use, attempted use, or threatened use of physical force. Gardner, 823 F.3d at 804. Additionally, North Carolina common law robbery is not an enumerated offense within the text of U.S.S.G. § 4B1.2 itself. See id. at 802. Furthermore, as explained above, the residual clause of U.S.S.G. § 4B1.2 is unconstitutionally vague after Johnson. This leaves the Government relying upon the inclusion of robbery as an enumerated offense within the commentary—commentary which cannot be anchored to the now-invalid residual clause. Hence, the inclusion of robbery in the commentary is now inconsistent with the Guidelines and that portion of the commentary should be disregarded. Therefore, North Carolina common law robbery is not a crime of violence under U.S.S.G. § 4B1.2.

The Government raises a few additional arguments, but ultimately these arguments must be rejected. First, the Government argues that, "Notwithstanding Gardner, North Carolina common law robbery meets the definition of the 'force clause' contained in U.S.S.G. § 4B1.2(a)(1)." (Mem. of Law Regarding Position of the U.S. with Respect to Sentencing Factors [Doc. #31], at 6.) The Government appears to essentially argue that the application note expands upon the force clause in a way that is not inconsistent with the Guidelines and therefore the enumerated offenses in the application note are crimes of violence. The Fourth Circuit squarely rejected this type of argument in Shell, explaining that the force clause "comes to us

5

glossed by Supreme Court and Fourth Circuit precedent that precludes its application to offenses committed without 'violent' force." Shell, 789 F.3d at 345. Hence, the enumeration of "robbery" within the application notes is invalid to the extent that it might be construed to purportedly expand the definition of "crime of violence" to include crimes that don't satisfy the force clause.

Similarly, the Government argues that the Fourth Circuit's decision in United States v. Hood, 628 F.3d 669 (4th Cir. 2010), requires that application note 1 be given authoritative weight. In Hood, the Fourth Circuit held that possession of a sawed-off shotgun was a crime of violence under the residual clause of U.S.S.G. § 4B1.2, in part, because that offense was included in application note 1. Hood is inapplicable here, however, because it predates Johnson and was premised on an application note interpreting the now-invalid residual clause. Hence, as explained above, there is no textual anchor for the relevant application note to interpret.[2]

Finally, the Government argues that the Stinson Court did not link the relevant application note (stating that felon firearm possession was not a crime of violence) to a specific section of U.S.S.G. § 4B1.2 and instead linked the application note to the phrase "crime of

---

[2] Though not dispositive, it is noteworthy that in a later Fourth Circuit case a defendant argued that his prior conviction for possession of a short-barrel shotgun was not a crime of violence under U.S.S.G. § 4B1.2 after Johnson. United States v. Frazier, 621 F. App'x 166, 168 (4th Cir. 2015). Though the Fourth Circuit specifically acknowledged that the defendant's argument was "currently foreclosed by *Hood*," the Fourth Circuit went on to note that "the district court did not have the benefit of the Supreme Court's guidance in *Johnson* when it sentenced" the defendant and the Fourth Circuit "assume[d] without deciding" that the district court had erred by counting possession of a short-barrel shotgun as a crime of violence under U.S.S.G. § 4B1.2. Id. at 168 & n.2. Hence, when given the opportunity to affirm Hood after Johnson, the Fourth Circuit instead chose to note the apparent conflict without resolving the issue.

6

violence" as a whole.  In making this argument, the Government appears to rely upon a single sentence in the Stinson opinion.  See Stinson, 508 U.S. at 47, 113 S. Ct. at 1920 ("As a result, the commentary is a binding interpretation of the phrase 'crime of violence.'").  Hence, the Government argues that no link to a specific section of the textual definition contained in U.S.S.G. § 4B1.2 is required.

The Government reads Stinson too broadly.  In reaching its decision, the Supreme Court noted that the relevant application note "may not be compelled by the guideline text," indicating that the Court was examining the application note's connection to the definitional text of the Guidelines rather than merely the term "crime of violence."  See Stinson, 508 U.S. at 47, 113 S. Ct. at 1920 (emphasis added).  Additionally, as mentioned earlier, the Fourth Circuit specifically noted in Shell that the commentary "'does not have freestanding definitional power,' but must instead be linked to a prong of the textual definition of crime of violence."  Shell, 789 F.3d at 345 (quoting Leshen, 453 F. App'x at 415).  See also Soto-Rivera, 811 F.3d at 59-60 (noting Stinson, but nonetheless finding that U.S.S.G. § 4B1.2 application note 1 cannot be used to expand the list of crimes of violence without an appropriate Guidelines textual "anchor").  Hence, the Government's argument that Stinson requires finding that the commentary controls here is unavailing.

In summary, North Carolina common law robbery is not a crime of violence under U.S.S.G. § 4B1.2.  The offense does not satisfy the force clause or enumerated offenses clause of U.S.S.G. § 4B1.2.  The residual clause of U.S.S.G. § 4B1.2 is unconstitutionally vague in light of Johnson, and therefore any application notes anchored to that clause are invalid.  Therefore,

7

Case 1:15-cr-00251-JAB   Document 32   Filed 08/25/16   Page 7 of 8

the enumeration of robbery within application note 1 of U.S.S.G. § 4B1.2, which only interprets the residual clause, does not make North Carolina common law robbery a crime of violence. Hence, the Court holds that North Carolina common law robbery is not a crime of violence under U.S.S.G. § 4B1.2.

IT IS THEREFORE ORDERED that Defendant's objection to North Carolina common law robbery being considered a crime of violence under U.S.S.G. § 4B1.2 (2013) is SUSTAINED.

This, the 25th day of August, 2016.

/s/ James A. Beaty
United States District Judge